FILED
SUPERIOR COURT
OF GUAM

2014 MAY 20 PM 2: 33

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
# OF GUAM

MARIAN M. ADA,            )          Civil Case no.CV0812-01

            Plaintiff,       )

        vs.               )          **DECISION AND ORDER**

RAYMOND T. MATANANE and   )
ROSELEEN M. BROWN,       )

           Defendants.     )

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff Ada's Motion to Reconsider and Defendants' Motion to Strike Plaintiff's Partial Acceptance of Attorney Fee Charges and Motion to Reconsider Application of Remaining Attorney Fees to Trust were taken under advisement on May 1, 2014. The Plaintiff is *pro se*. The Defendants are represented by Attorney Jeffrey A. Cook. After considering the matter presented, the Court now issues the following Decision and Order denying Plaintiff Ada's request for reconsideration.

## BACKGROUND

This action arises out of a dispute between the Co-Trustees of the Maria T. Matanane Trust (hereinafter "the Trust"), which owned parcels of real property, including property lot 90-1-1, located in Yona, Guam. The Parties were the Co-Trustees to the Trust and have had continuous disagreements since the inception of this case.



On March 7, 2014, Plaintiff Marian Ada filed a paper entitled, Partial Acceptance of Attorney Fee Charges & Motion to Reconsider Application of Remaining Attorney Fees to Trust. In her papers Ms. Ada asserts that she accepts the Court's judgment of $4,821.50 in costs against her and requests that the Court reconsider its order allowing Defendants to charge the trust the full remainder of their attorney fees. In support of this request Ms. Ada asserts that Attorney Cook never represented the trust but the Defendants for their personal misdeeds. She also asserts that Attorney Cook threatened legal action against the beneficiaries who questioned his motives.

Ms. Ada asserts that the high costs of litigation in this case have arisen because of an equal split in the four trustees and eight beneficiaries, caused, in part, by the unfair actions of the Defendants. She asserts that her argument is supported by the Court's prior orders, which recovered trust money from Defendants' personal bank accounts and required an accounting. Ms. Ada asserts that Defendants continue to refuse to provide an accounting of their expense reports and she asserts that she believes Defendants have purposely hidden $120,000.00 in expenses. She asserts that Defendants are making inappropriate expenditures to improve property not owned by the trust and argues and asserts that they have mislead her about when the trust would be closed. Ms. Ada concludes her paper by requesting the closure of the trust and distribution of the trust jewelry other final distributions.

On March 20, 2014, Defendants filed a motion to strike Ms. Ada's paper. In support of their motion Defendants cite to rule 7.1 of the Court's local rules and argue and assert that Ms. Ada has failed to comply with the rule's requirements for reconsideration.

On April 14, 2014, Ms. Ada filed her opposition. In her opposition Ms. Ada asserts that she was not aware of the requirements of rule 7.1 and argues that as a *pro se litigant* she should

be given a preference. She further argues and asserts that the following two material facts fall within the scope of the rule, have emerged since the last court hearing and were unknown to the beneficiaries: 1) Defendants are making trust expenditures for land improvements not owned by the trust; 2) There is an unaccounted difference of $120,000.00 in the trust fund account.

Defendants filed their reply on April 30, 2014. In it they re-assert their argument that Ms. Ada has failed to sufficiently argue or assert facts upon which the Court may grant reconsideration. In the alternative Defendants refer to and submit the declaration of Defendant Roseleen M. Brown which disputes Ms. Ada's assertions of misconduct.

## DISCUSSION

Rule 7.1 of the Local Rules of the Superior Court of Guam regulates the Court's consideration of a motion to reconsider. Super. Ct. Guam R. 7.1(i). This rule provides,

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id.* A Court has an inherent power to correct mistakes which are not the result of the exercise of judgment. *Gagnon v. U.S.*, 193 U.S. 451, 456-57, Guam R. Civ. P. 59, 60. This ability has long been recognized by the U.S. Supreme Court and has been specifically and broadly promulgated into the Guam Rules of Civil Procedure. *Id.*

In this case, even when allowed the extra consideration due to a *pro se* litigant, the Court is not persuaded that Ms. Ada has met her burden under the applicable standards. Super.

Ct. Guam R. 7.1(i). Ms. Ada asserts no facts which would allow the Court to find that through reasonable diligence her assertions could not have been known to her prior the courts consideration of the matter. Moreover and in alternative, as to the specific issue of disallowing the Defendant-Trustees' attorney's fees the Court employs the same standard by which it reviewed Defendants' challenge of Ms. Ada costs. Under this standard the facts asserted by Ms. Ada are unverified, unsupported and specifically disputed. Defendants having employed the services of legal counsel are entitled to the presumption that the arguments and issues raised during their administration of the estate were of sufficient merit to preclude a finding of frivolity or unnecessary obstruction. *see*, Guam R. Civ. P. 11. The Court does not find that this presumption has been adequately overcome by Ms. Ada's assertions and arguments.

## CONCLUSION

Based on the foregoing, the Court denies Ms. Ada's motion for reconsideration.

SO ORDERED, this _____ day of May, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_Jeffrey Cook_
DMR
Date: 5/20/14 Time: 245

Deputy Clerk, Superior Court of Guam